## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:06CR163

JOSEPH H. HARRIS

### MEMORANDUM OPINION

By Memorandum Opinion and Order entered on October 19, 2010, the Court denied a motion under 28 U.S.C. § 2255 filed by Joseph H. Harris.  (ECF Nos. 92-93.)  On November 15, 2013, 2013, the Court received a successive, unauthorized 28 U.S.C. § 2255 motion from Harris ("§ 2255 Motion," ECF No. 108).  By Memorandum Opinion and Order entered on January 6, 2014, the Court dismissed Harris's successive § 2255 Motion.  On January 27, 2014, the Court received from Harris a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 113).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e):  "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130

F.R.D. 625, 626 (S.D. Miss. 1990)). Harris fails to demonstrate that the Court committed a clear error of law or any other basis for granting relief under Rule 59(e). Accordingly, Harris's Rule 59(e) Motion (ECF No. 113) will be denied.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Harris fails to satisfy this standard. Accordingly, a COA will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Harris and counsel for the United States.

Date: April 10, 2014
Richmond, Virginia

/s/ REP

Robert E. Payne
Senior United States District Judge